UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
ALLSTATE INSURANCE COMPANY, ALLSTATE
INDEMNITY COMPANY, ALLSTATE PROPERTY &
CASUALTY INSURANCE COMPANY, AND
ALLSTATE NEW JERSEY INSURANCE COMPANY,

       Plaintiffs,

-against-

AMNER KHAIMOV, ZOYA AMINOVA, MURDAKHAY KHAIMOV, ALBERT KHAIMOV, YAKOV AMINOV, ILYA TAMAYEFF, ABRAHAM LAYLIEV, ROBERT TERDJANIAN, GALINA VOVK, A/K/A VALENTINA BABUCEA, VLADISLAV AGUVAYEV, OLEG SIMAKOV, SERGEY MEZKULA, GRIGOL APRESYANTSI, MARIFAT DAVLATKHONOVA, MICHAEL ZAVRAZHIN, LAPERLA SUPPLY, INC., F/K/A NEW MILLENNIUM SUPPLY, INC., PARSONS MEDICAL SUPPLY, INC., JAMAICA MEDICAL SUPPLY, INC., QUEENS MEDICAL SUPPLY, INC., GRAND MEDICAL SUPPLY, INC., ROYAL MEDICAL SUPPLY, INC., UTOPIA EQUIPMENT, INC., GNK MEDICAL SUPPLY, INC., HIGHLAWN BEST MEDICAL SUPPLY, INC., NEW CAPITAL SUPPLY, INC., AVR MEDICAL SUPPLY, INC., FRAZIER TRADING CO., INC., A TO Z WHOLESALE, INC., BULLS EYE WHOLESALE, INC., E-Z SUPPLY, INC., GLOBAL BEST DEAL, INC., GRIGOL SUPPLY, INC., HONO OFFICE SUPPLY, INC., MEDCURE SUPPLIES, INC., TELYA CORP., MAJOR MARKET MERCHANDISE, INC., VZ GROUP, INC., JOHN DOES 1 THROUGH 20 AND ABC CORPORATIONS 1 THROUGH 20,

       Defendants.
------------------------------------------------------------------X

CIVIL ACTION NO.
11-CV-2391(JG)(JMA)

REPORT OF PARTIES' PLANNING MEETING PURSUANT TO F.R.C.P. 26(f)

(TRIAL BY JURY DEMANDED)

  Pursuant to Fed. R. Civ. P. 26(f), a conference call was held on October 31, 2011, and was attended by:

**Plaintiffs**

a. Robert A. Stern, Stern & Montana, LLP, for Plaintiffs Allstate Insurance Company Allstate Indemnity Company, Allstate Property & Casualty Insurance Company and Allstate New

Jersey Insurance Company.

b.       Sandra P. Burgos, Stern & Montana, LLP, for Plaintiffs Allstate Insurance Company, Allstate Indemnity Company, Allstate Property & Casualty Insurance Company and Allstate New Jersey Insurance Company.

**Defendants**

a.       Maria Campese Diglio, Blodnick, Conroy, Fazio & Diglio, LLP, for Defendants GNK Medical Supply, Inc., Highlawn Best Medical Supply, Inc., Yakov Amimov, Major Market Merchandise, Inc. and Michael Zavrazhin.

b.       Wesley Mead, Law Office of Gary Tsirelman, P.C., for Defendants Zoya Aminova, Albert Khaimov, Murdakhay Khaimov, Abraham Layliev, Amner Khaimov, Ilya Tamayeff, Parsons Medical Supply, Inc., Utopia Equipment, Inc., Jamaica Medical Supply, Inc., Queens Medical Supply, Inc., LaPerla Supply, Inc., New Capital Supply, Inc., Grand Medical Supply, Inc., Royal Medical Supply, Inc. and E-Z Supply, Inc.

1.       **Pre-discovery Disclosures.**

The parties will exchange the information required by F.R.C.P. 26(a)(1) by November 21, 2011.

2.       **Discovery Plan.**

In light of the numerous allegations in the Complaint, the vast number of witnesses the litigating parties intend to rely on to prosecute or defend the instant litigation, the voluminous non-party discovery that will be required and the hundreds of thousands of documents that must be reviewed, the parties respectfully request eighteen (18) months from the initial conference scheduled with the Court on November 16, 2011, to complete discovery. The proposed eighteen (18) month discovery completion date allows for the anticipated production and review by the parties of the documents to be produced by parties and non-parties, consisting primarily of claim

files and medical and billing records, as well as other documents including corporate books and records, bank records, and transcripts of examinations under oath, among other things. Concomitant with the production of documents is the need to create privilege logs. Additionally, the parties anticipate conducting a number of depositions, including experts to be designated by the parties. Accordingly, the parties jointly propose to the Court the following discovery plan:

    a.    Completion of all discovery, inclusive of expert discovery, within eighteen (18) months of the date of this Court's order.

    b.    Discovery to be conducted in phases: Parties shall first serve demands for production of documents, followed by depositions. Consistent with the requirements of Federal Rules of Civil Procedure 30 and 34, a party that has requested the production of documents in advance of a deposition of another party may either adjourn the deposition until after the documents are produced or, without waiving the right to have access to the documents, may proceed with the deposition.

    c.    Interrogatories are to be served in accordance with Federal Rule of Civil Procedure 33 and the applicable Local Rules, except that the parties have agreed to enlarge the number of interrogatories permitted by the Federal Rules of Civil Procedure from 25 to 40 interrogatories. Notwithstanding the foregoing, if necessary, the parties reserve their right to seek the Court's permission to further enlarge the number of interrogatories agreed upon herein.

    d.    Expert discovery shall be conducted in accordance with the Federal Rules of Civil Procedure and the applicable Local Rules.

    e.    Non-party discovery shall be conducted in accordance with the Federal Rules of Civil Procedure and the applicable Local Rules.

    f.    Electronic discovery, if any, shall be produced in accordance with the Federal

Rules of Civil Procedure and the applicable Local Rules.

3. **Other Items.**

    a.    Settlement cannot be evaluated at this time.

    b.    To avoid unnecessary motion practice, the parties shall enter into a confidentiality agreement regarding the disclosure of patient records to allow the free flow of such information between parties involved in the case.

    c.    Joinder of new parties and/or amendment to the pleading within sixty (60) days after the completion of party depositions.

    d.    All dispositive motions may be made at any time in accordance with the Federal Rules of Civil Procedure. Any party planning to make a dispositive motion must initiate motion practice pursuant to the Honorable John Gleeson's individual rules.

    e.    Number of non-party depositions: Counsel for Defendants GNK Medical Supply, Inc., Highlawn Best Medical Supply, Inc., Yakov Amimov, Major Market Merchandise, Inc. and Michael Zavrazhin has requested that Plaintiffs disclose herein the number of non-party depositions they intend to conduct. However, at this early stage in the action, without the benefit of any discovery, Plaintiffs cannot reasonably estimate the number of non-party depositions that they intend to conduct.

    f.    The pretrial disclosures required by F.R.C.P. 26 (a)(3), including but not limited to list of witnesses, depositions and exhibits, shall be due at least thirty (30) days before trial.

    g.    Objections to the list of witnesses, use of a deposition or exhibit shall be served and filed within fourteen (14) days of the disclosure of the intent to use deposition or exhibit.

  h. The case should be ready for trial within six (6) months of completion of discovery.

Dated: New York, New York,
   November 9, 2011

               Stern & Montana, LLP

            By: /s/ Sandra P. Burgos
               Robert A. Stern (RAS-1282)
               Sandra P. Burgos (SB-6856)
               Attorneys for Plaintiffs
               Trinity Centre
               115 Broadway
               New York, New York 10006
               (212) 532-8100